IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CV-204-FL

| | |
|---|---|
| KATHY JUANITA REAVES and FREDERICK L. MCCALLUM, <br><br> Plaintiffs, <br><br> v. <br><br> MAXTON POLICE DEPARTMENT, PUBLIC SCHOOLS OF ROBESON COUNTY, ROBESON COUNTY BOARD OF EDUCATION, and FREDDIE L. WILLIAMSON, <br><br> Defendants. | ORDER |

This matter is before the court for review of plaintiff's pro se complaint (DE 11) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's complaint be dismissed. (DE 10). Plaintiff did not file objections to the M&R, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling.

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

1

Plaintiffs both are former employees of defendant Public Schools of Robeson County who separately were escorted by officers of defendant Maxton Police Department off school premises. On the basis of these expulsions, plaintiffs allege defendants falsely imprisoned them in violation of the Fourteenth Amendment and committed workplace harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), conspiracy, intentional infliction of emotional distress, and interference with contractual obligations. Plaintiffs also allege deprivation of right to procedural due process and violation of the Privacy Act of 1974 as amended, 5 U.S.C. § 552a ("Privacy Act") and provisions of the North Carolina Constitution.

Magistrate judge recommends dismissal of plaintiffs' false imprisonment claim, construed as a claim under 42 U.S.C. § 1983, for failure to allege legal detention. On this basis, magistrate judge also recommends dismissal of plaintiffs' claims for municipal and supervisory liability and conspiracy, all made with reliance upon plaintiffs' claim of false imprisonment. With respect to plaintiffs' Title VII claim, magistrate judge recommends dismissal as neither allege facts from which a court could conclude they were discriminated against on the basis of a protected characteristic. Magistrate judge also recommends dismissal of plaintiffs' claims under Section 3 the Privacy Act as there are no federal agencies alleged to have violated plaintiffs' rights under the Act, and under Section 7 because plaintiffs' claims do not involve disclosure of their social security numbers. Turning to plaintiffs' procedural due process claim, magistrate judge ascertains that there no allegations that plaintiff Frederick MacCallum's due process rights were violated that are not dependent on plaintiffs' failed claim for false imprisonment. After taking judicial notice of plaintiff Kathy Juanita Reaves's ("Reaves") suspension with pay for 90 days, magistrate judge reasons that plaintiff Reaves has not alleged that she was deprived of any process due to her under North Carolina's statutory scheme. Finally, magistrate judge recommends the court decline to

2

Case 7:22-cv-00204-FL   Document 12   Filed 04/12/23   Page 2 of 3

exercise supplemental jurisdiction over plaintiffs' remaining state law claims for intentional infliction of emotional distress, interference with contractual obligations, and violations of the North Carolina Constitution where plaintiffs have failed to state a federal claim and there is no diversity of jurisdiction

Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error. The court hereby ADOPTS the recommendation of the magistrate judge as its own, and plaintiff's action is DISMISSED without prejudice for failure to state a claim upon which relief can be granted. The clerk of court is DIRECTED to close the case.

SO ORDERED, this the 12th day of April, 2023.

                                                  LOUISE W. FLANAGAN  
                                                  United States District Judge